### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

ROBERT REED, #233-999,             *
    Plaintiff
                                     *
      v                                      Civil Action No.  PJM-05-1466
                                     *
WILLIAM D. ROESSLER,
    Defendant                  *
                                 *******

### **MEMORANDUM OPINION**

The above captioned civil rights case, together with a Motion to Proceed In Forma Pauperis, was filed by Plaintiff pro se on May 31, 2005. Because he appears to be indigent, Plaintiff's in forma pauperis motion shall be granted.

The Complaint alleges that William D. Roessler, Deputy States Attorney for Anne Arundel County, has violated Plaintiff's rights by failing to prosecute correctional officers against whom Plaintiff has filed criminal complaints. Paper No. 1. He seeks preliminary injunctive relief directing Defendant to issue arrest warrants for several correctional officers. *Id*.

Under the provisions of 28 U.S.C. § 1915(e)(2), a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . .   It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).   Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

dockets.Justia.com

As an alleged crime victim, Plaintiff has no constitutional right to insist on a criminal prosecution. *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988). Assuming that Plaintiff's allegations were properly reported to the appropriate law enforcement authorities, those authorities has no legal obligation to initiate a criminal prosecution based on such reports. A civil rights complaint filed pursuant to 42 U.S.C. § 1983 requires at least a probable allegation that a government official has in some way deprived Plaintiff of a right guaranteed to him by the United States Constitution. Even when Plaintiff's claim is held to the less stringent pleading requirement afforded pro se litigants, it is clear that it is subject to dismissal because it is legally frivolous.

Plaintiff is reminded that under 28 U.S.C. §1915(g), he will not be granted in forma pauperis status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless [he] is under imminent danger of serious physical injury". The instant case represents Plaintiff's second frivolous filing. A separate Order follows.

                                                       /s/
                              PETER J. MESSITTE
June 8, 2005             UNITED STATES DISTRICT JUDGE